IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS CABRERA, | : |
|     Petitioner, | : |
| v. | :   Civ. Act. No. 11-119-LPS |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|     Respondents.[1] | : |

Edson Bostic. Federal Public Defender's Office, Wilmington, Delaware. Attorney for Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

March 14, 2014
Wilmington, Delaware

---

[1] Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Luis Cabrera ("Petitioner"). (D.I. 2) For the reasons discussed, the Court will dismiss the Petition as time-barred by the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

On May 29, 1998, a Delaware Superior Court jury convicted Petitioner of felony murder, intentional murder, first degree conspiracy, and first degree burglary. (D.I. 11 at 1) A penalty phase hearing was held before the same jury in June 1998, which ended with the jury recommending the death penalty by a vote of seven to five. *See State v. Cabrera*, 1999 WL 41630, at * 1 (Del. Super. Ct. Jan. 21, 1999). In January 1999, the Superior Court sentenced Petitioner to two life sentences for the two murder convictions, and nine years of incarceration for the remaining offenses.[2] The Delaware Supreme Court affirmed Petitioner's convictions and sentence on direct appeal. *See Cabrera v. State*, 747 A.2d 543 (Del. 2000), *overruled on other grounds by Brooks v. State*, 40 A.3d 346 (Del. 2012) (establishing new rule for accomplice liability jury instructions).

On March 17, 2003, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied in October 2003. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on April 26, 2004. *See Cabrera v. State,* 856 A.2d 1066 (Table), 2004 WL

---

[2]In an unrelated case, Petitioner was found guilty of two counts of first degree murder (two victims) and related offenses, and was sentenced to death. *See Cabrera v. State*, 840 A.2d 1256 (Del. 2004). Petitioner's capital habeas proceeding with respect to that case is presently pending before this Court. *See Cabrera v. Danberg*, Civ. A. No. 11-784-LPS.

906552 (Del. Apr. 26, 2004). Petitioner filed a second Rule 61 motion in December 2005. In the second Rule 61 motion, Petitioner argued that the Delaware Supreme Court's reinterpretaion or clarification of Delaware's felony murder statute in *Williams v. State*, 818 A.2d 906 (Del. 2003), *superseded by statute as stated in Comer v. State*, 977 A.2d 334 (Del. 2009), made retroactively applicable in *Chao v. State*, 931 A.3d 1000 (Del. 2007) ("*Chao II*"), required that Petitioner's conviction for felony murder be vacated because there was no proof that the murder was committed "in furtherance of" the underlying burglary. After receiving the State's response, the Superior Court appointed counsel to represent Petitioner in the post-conviction proceedings. On August 22, 2008, the Superior Court granted Petitioner's Rule 61 motion and vacated his conviction for felony murder on the basis that the Delaware Supreme Court's decision in *Chao II* permitted *Williams* to be applied retroactively. *See State v. Cabrera*, 2008 WL 4868762 (Del. Super. Ct. Aug. 22, 2008). Petitioner's convictions and sentences for first degree intentional murder, first degree conspiracy, and first degree burglary remained as previously imposed. *See id.* at *4. Petitioner did not appeal the Superior Court's decision.

Acting *pro se*, Petitioner filed a third Rule 61 motion on December 29, 2008, which the Superior Court summarily denied on May 13, 2010. (D.I. 13, Del. Super. Ct. Crim. Dkt.) The Delaware Supreme Court affirmed that denial on August 19, 2010, explicitly holding that the claims raised in Petitioner's third Rule 61 motion were time-barred. *See Cabrera v. State*, 3 A.3d 1096 (Table), 2010 WL 3277556 (Del. Aug. 19, 2010).

Initially acting *pro se*, Petitioner filed the instant § 2254 Petition in this Court in February 2011. (D.I. 2) His Petition asserts the following three interrelated ineffective assistance of counsel claims: (1) trial counsel was ineffective for failing to raise a legal challenge

to the felony murder charge, because such a challenge would have been successful; (2) in the absence of the felony murder charge counsel would have had no strategic rationale for not requesting a jury instruction on second degree murder, the lesser included offense of first degree intentional murder; and (3) appellate counsel was ineffective for failing to challenge the felony murder conviction and the trial court's failure to charge the jury on second degree murder. (D.I. 20) The State filed an Answer, asserting that the Petition should be dismissed as time-barred. (D.I. 11) Petitioner then filed a Motion to Appoint A Federal Public Defender, which was granted. (D.I. 14; D.I. 15) Appointed counsel filed a Reply to the State's Answer, asserting various arguments as to why the Court should conclude that the Petition is not time-barred. (D.I. 20)

### III.    THE ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996. *See* 28 U.S.C. § 2244(d)(1). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

## IV. DISCUSSION

Petitioner's § 2254 Petition, filed in February, 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Petitioner's convictions and sentence on March 6, 2000, and Petitioner did not seek certiorari review. Consequently, Petitioner's convictions became final on June 5, 2000. Applying the one-year limitations period to that date, Petitioner had until June 5, 2001 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); Fed. R. Civ. P. 6(a)(1) (stating that day of event that triggers period is excluded when computing time periods). Petitioner, however, waited until February 2, 2011[3] to file the instant Petition – almost ten full years after the expiration of the limitations period. Thus, the Petition is untimely, unless the limitations period

---

[3] Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (February 2, 2011) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

5

starts on some other date pursuant to § 2244(d)(1) or the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158.

Petitioner does not allege, and the Court cannot discern, any basis for triggering 2244(d)(1)(B) or (C). However, citing § 2244(d)(1)(D), Petitioner does contend that the statute of limitations did not begin run until June 20, 2007, the date on which the Delaware Supreme Court issued its decision in *Chao II* holding that the felony murder rule of *Williams* applies retroactively. More specifically, Petitioner asserts he could not have discovered the factual predicate of his argument that he should not have been convicted of felony murder under Delaware law until *Chao II* was decided on June 20, 2007.

As an initial matter, the Court disagrees with Petitioner's argument that *Chao II* constitutes the factual predicate for his habeas claims and provides a later limitations starting date of June 20, 2007 under § 2244(d)(1)(D). Significantly, this Court has previously held that *Chao II* and *Williams* cannot establish a factual predicate for a petitioner's constitutional claims if those decisions were not rendered in that particular petitioner's own litigation history. *See Taylor v. Phelps*, 2013 WL 1319554 (D. Del. Mar. 28, 2013). Clearly, *Chao II* and *Williams* were not decisions issued in Petitioner's own case history.

However, the Court does conclude that the Superior Court's August 22, 2008 decision vacating Petitioner's felony murder conviction on the basis of *Chao II* and *Williams* provides a later starting date under § 2244(d)(1)(D). The Superior Court decision to vacate Petitioner's felony murder conviction pursuant to *Williams*' felony murder rule was rendered in his own litigation history and constitutes the "vital fact" underlying the three ineffective assistance of counsel claims raised in the instant Petition. *See Johnson v. United States,* 544 U.S. 295 (2005)

6

(holding that notice of order vacating federal prisoner's prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations period, provided petitioner has shown due diligence in seeking order); *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007) ("[T]he 'factual predicate' of a petitioner's claim constitutes the 'vital facts' underlying those claims."). Applying the one-year limitation period to the August 22, 2008 decision date, Petitioner had until August 22, 2009 to timely file the Petition. Petitioner's filing date of February 2, 2011 was still approximately one and one-half years too late. Thus, the Petition must be dismissed as time-barred, unless the limitations period can be statutorily or equitably tolled. The Court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). A state post-conviction motion that has been rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

In this case, Petitioner filed his third Rule 61 motion on December 29, 2008, and the Superior Court denied the motion on May 19, 2010. The Delaware Supreme Court affirmed the Superior Court's decision on May August 19, 2010 after holding that the Rule 61 motion was "clearly time-barred." *Cabrera*, 2010 WL 3277556, at *1. Given the Delaware Supreme Court's explicit untimeliness ruling, Petitioner's third Rule 61 motion has no statutory tolling

effect. Therefore, the Petition must be dismissed as time-barred, unless equitable tolling is applicable.

### B. Equitable Tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, *and* (2) some extraordinary circumstance stood in his way and prevented timely filing;"[4] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner asserts two arguments for equitably tolling the limitations period following the grant of his second Rule 61 motion on August 22, 2008.[5] First, after noting that *Schlup v. Delo*, 513 U.S. 298, 315 (1995), permits actual innocence claims to provide a gateway for federal review of procedurally defaulted claims, Petitioner contends that the same reasoning

---

[4]*Holland*, 130 S.Ct. at 2562.
[5]Having determined that the limitations period started to run on August 22, 2008, the Court will not address Petitioner's argument for equitably tolling the limitations prior to March 2003.

8

should permit his actual innocence of the felony murder charge to provide a basis for equitably tolling the limitations period. Second, he contends that the limitations period should be tolled because the attorneys representing him during his second Rule 61 proceeding failed to supplement his second Rule 61 motion with the ineffective assistance of counsel claims challenging his intentional murder conviction that he has raised in the pending Petition.

Neither of these arguments warrants equitable tolling. To begin, the Court notes that neither the Supreme Court nor the Third Circuit have determined whether a credible claim of actual innocence can equitably toll AEDPA's limitations period. *See, e.g., Teagle v. Diguglielmo,* 336 F. App'x 209, 212-13 (3d Cir. 2009) (non-precedential); *McKeever v. Warden SCI-Graterford,* 486 F.3d 81, 84 n.5 (3d Cir. 2007). Even if a petitioner's actual innocence can warrant equitable tolling, such tolling is not justified in this case. The fact that Petitioner's felony murder conviction was vacated on the basis of *Williams'* clarification of Delaware's felony murder statute does not constitute "new reliable evidence" establishing that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of his remaining conviction for first degree intentional murder. *See Schlup,* 513 U.S. at 324; *Teagle,* 336 F. App'x. at 212-13. Additionally, even if his allegations could satisfy the *Schlup* standard, Petitioner has failed to demonstrate that he exercised reasonable diligence in pursuing the instant ineffective assistance of counsel claims which, in turn, are premised on his actual innocence of felony murder. *See Reed v. Harlow,* 2011 WL 4914869 at *2 n.2 (3d Cir. Oct. 17, 2011) (non-precedential). Significantly, after the vacation of his felony murder conviction on August 22, 2008, Petitioner waited almost three years before filing the instant Petition. For these reasons, Petitioner's actual innocence of felony murder does not warrant equitable tolling.

Petitioner's second argument for equitable tolling is equally unavailing. Petitioner explains that he intended to supplement his second Rule 61 motion with the claims contained in this Petition that address his remaining first degree intentional murder conviction, but that the two attorneys who were appointed to represent him during the second Rule 61 proceeding never responded to his letters or his attempts to communicate his wishes. Petitioner contends that this abandonment/ineffective assistance amounts to an extraordinary circumstance for equitable tolling purposes.

The Court is not persuaded. To begin, Petitioner states in his Supporting Memorandum that he decided to "fight the language and [the Delaware state courts'] interpretation of the felony murder statute" before attempting to proceed with a habeas corpus petition in federal court. (D.I. 2 at 8) In addition, Petitioner clearly knew that counsel failed to include the instant claims relating to his remaining convictions in his second Rule 61 motion no later than August 22, 2008, the date on which the Delaware Superior Court vacated his felony murder conviction. However, instead of filing a § 2254 petition containing the "excluded" ineffective assistance of counsel claims after the Superior Court vacated his felony murder conviction on August 22, 2008, Petitioner chose to file a third Rule 61 motion in the Superior Court in December 2008. Significantly, Petitioner does not explain, and the Court fails to understand, how counsels' failure to include the "excluded" claims in the second Rule 61 motion prevented him from timely filing a § 2254 petition raising those same "excluded" claims during the one year period following the Superior Court's August 22, 2008 decision. To the extent Petitioner's untimely filing of the Petition was the result of a miscalculation regarding the one-year filing period, or due to his lack of legal knowledge, it has been held that such mistakes do not warrant equitably

10

tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all of these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case.

Accordingly, the Court will dismiss the Petition as untimely.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.