IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LUIS CABRERA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 11-119-LPS |
| | : | |
| DAVID PIERCE, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### I. INTRODUCTION

Pending before the Court is Petitioner Luis Cabrera's ("Petitioner") Motion to Alter and Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) regarding the dismissal of his time-barred Application for habeas relief. (D.I. 25) For the reasons discussed, the Court will deny the Motion for Reconsideration.

### II. BACKGROUND

On May 29, 1998, a Delaware Superior Court jury convicted Petitioner of one count of felony murder, one count of intentional murder, first degree conspiracy, and first degree burglary. (D.I. 11 at 1) A penalty phase hearing was held before the same jury in June 1998, which ended with the jury recommending the death penalty by a vote of seven to five. *See State v. Cabrera*, 1999 WL 41630, at *1 (Del. Super. Ct. Jan. 21, 1999). In January 1999, the Superior Court sentenced Petitioner to two life sentences for the two murder convictions, and nine years of incarceration for the remaining offenses. The Delaware Supreme Court affirmed Petitioner's convictions and sentence on direct appeal. *See Cabrera v. State*, 747 A.2d 543 (Del. 2000), *overruled on other grounds by*

*Brooks v. State*, 40 A.3d 346 (Del. 2012) (establishing new rule for accomplice liability jury instructions).

On March 17, 2003, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied in October 2003. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on April 26, 2004. *See Cabrera v. State*, 856 A.2d 1066 (Table), 2004 WL 906552 (Del. Apr. 26, 2004). Petitioner filed a second Rule 61 motion in December 2005. In the second Rule 61 motion, Petitioner argued that the Delaware Supreme Court's reinterpretation or clarification of Delaware's felony murder statute in *Williams v. State*, 818 A.2d 906 (Del. 2003), *superseded by statute as stated in Comer v. State*, 977 A.2d 334 (Del. 2009), made retroactively applicable in *Chao v. State*, 931 A.3d 1000 (Del. 2007) ("*Chao II*"), required that Petitioner's conviction for felony murder be vacated because there was no proof that the murder was committed "in furtherance of" the underlying burglary. After receiving the State's response, the Superior Court appointed counsel to represent Petitioner in the post-conviction proceedings. On August 22, 2008, the Superior Court granted Petitioner's Rule 61 motion and vacated his conviction for felony murder on the basis that the Delaware Supreme Court's decision in *Chao II* permitted *Williams* to be applied retroactively. *See State v. Cabrera*, 2008 WL 4868762 (Del. Super. Ct. Aug. 22, 2008). Petitioner's convictions and sentences for first degree intentional murder, first degree conspiracy, and first degree burglary remained as previously imposed. *See id.* at *4. Petitioner did not appeal the Superior Court's decision.

Acting *pro se*, Petitioner filed a third Rule 61 motion on December 29, 2008, which the Superior Court summarily denied on May 13, 2010. (D.I. 13, Del. Super. Ct. Crim. Dkt.) The Delaware Supreme Court affirmed that decision on August 19, 2010, explicitly holding that the

2

claims raised in Petitioner's third Rule 61 motion were time-barred. *See Cabrera v. State*, 3 A.3d 1096 (Table), 2010 WL 3277556 (Del. Aug. 19, 2010).

Initially acting *pro se*, Petitioner filed the instant § 2254 Petition in February 2011. (D.I. 2) The Petition asserted the following three interrelated ineffective assistance of counsel claims: (1) his trial attorney was ineffective for failing to raise a legal challenge to the felony murder charge, because such a challenge would have been successful; (2) in the absence of the felony murder charge counsel would have had no strategic rationale for not requesting a jury instruction on second degree murder, the lesser included offense of first degree intentional murder; and (3) appellate counsel was ineffective for failing to challenge the felony murder conviction and the trial court's failure to charge the jury on second degree murder. (D.I. 20) The State filed an Answer, asserting that the Petition should be dismissed as time-barred. (D.I. 11) Petitioner then filed a Motion to Appoint A Federal Public Defender, which was granted. (D.I. 14; D.I. 15) Appointed counsel filed a Reply to the State's Answer, asserting various arguments as to why the Court should conclude that the Petition is not time-barred. (D.I. 20)

In a Memorandum Opinion and Order dated March 14, 2014, the Court determined that the limitations period in Petitioner's case did not begin to run until August 22, 2008, the date on which the Delaware Superior Court vacated Petitioner's felony murder conviction pursuant to *Chao II*. (D.I. 23 at 6-7) However, after rejecting Petitioner's arguments for equitable tolling, the Court denied the Petition as time-barred. (D.I. 23; D.I. 24) Petitioner filed the instant Rule 59(e) Motion, asserting two main arguments as to why the Court should have equitably tolled AEDPA's limitations period and have found the Petition timely filed. (D.I. 25) The State filed Response in opposition (D.I. 26), and Petitioner filed a Reply (D.I. 29).

3

## III. LEGAL STANDARDS

A motion for reconsideration or to amend judgment, filed pursuant Federal Rule of Civil Procedure 59(e), is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be used to reargue issues that the Court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## IV. DISCUSSION

Petitioner timely filed the instant Rule 59(e) Motion, contending that the "Court made clear errors of law and fact regarding equitable tolling in dismissing Petitioner's habeas corpus petition as time-barred." (D.I. 25 at 1-2) The Rule 59(e) Motion asserts two main arguments: (1) Petitioner's decision to challenge his felony murder conviction before proceeding in federal court was irrelevant to the issue of extraordinary circumstances; and (2) post-conviction counsel's abandonment and failures to include Petitioner's excluded claims in his second Rule 61 motion stood in the way of a timely filing and constituted extraordinary circumstances. The State contends that Petitioner's Rule 59(e) Motion does not provide a basis for equitable tolling and should be denied.

### A. Petitioner's Decision To Delay Filing Habeas Petition

In his Supporting Memorandum to his Petition, Petitioner states that, "before attempting to proceed with a habeas corpus motion with the Federal Court, [Petitioner] decided to fight the language and its interpretation of the felony murder statute." (D.I. 2 at 8) The Court referred to

4

this statement when it concluded that Petitioner's arguments for equitable tolling did not demonstrate that an extraordinary circumstance prevented him from timely filing a federal habeas petition. Now, in his Rule 59(e) Motion, Petitioner contends that his statement referred to his decision to file his second Rule 61 motion, not his third Rule 61 motion, and that the statement is "legally irrelevant to the question of extraordinary circumstances" because the Court found that the factual predicate of Petitioner's claims became discoverable on August 22, 2008, the date on which the Superior Court granted his second Rule 61 motion.

The Court is not persuaded by this argument. Petitioner's second Rule 61 motion successfully challenged the language and interpretation of the felony murder statute. Yet, upon obtaining that positive decision, Petitioner again decided to forego pursuing federal habeas review of his claims and, instead, pursued additional state post-conviction relief. Petitioner's statement regarding his knowing and purposeful decision to delay filing a federal habeas petition while pursuing his second Rule 61 motion demonstrates his general understanding of AEDPA's requirements and the relationship between the exhaustion requirement and statutory tolling. The Court fails to understand how Petitioner's general knowledge of AEDPA's requirements is "legally irrelevant" just because that awareness was expressed with respect to Petitioner's second Rule 61 motion rather than his third Rule 61 motion. Thus, the Court concludes that Petitioner's first argument does not warrant reconsideration.

B.  **Defense Counsel's Abandonment Constituted Extraordinary Circumstances**

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, *and* (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 648 (2010) (emphasis added). When determining if extraordinary

5

circumstances existed, the "proper inquiry is *not how unusual the circumstance* alleged to warrant tolling is among the universe of prisoners, . . . *but rather how severe an obstacle it is for the prisoner* endeavoring to comply with AEDPA's limitations period." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011) (internal citations omitted) (emphasis in original). Even when an extraordinary circumstance is found to exist, equitable tolling will only be warranted when there is a "causal connection, or nexus, between the extraordinary circumstance [petitioner] faced and [his] failure to file a timely federal [petition]." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Significantly, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003).

The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. *See Holland*, 560 U.S. at 635-55. An "egregious error" includes instances in which an attorney fails to file an appeal after an explicit request from the petitioner,[1] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). In *Ross v. Varano*, the Third Circuit extended the *Holland* principle and found equitable tolling to be appropriate because the petitioner exercised reasonable diligence while pursuing his direct appeal, but his attorney: (1) lied to him about filing an appeal; (2) failed to take his phone calls; (3) withdrew petitioner's appeal; and (4) failed to file a post-conviction petition despite affirmatively telling petitioner that he had done so. *See Ross v. Varano*, 712 F.3d at 801. The *Ross* Court held that extraordinary circumstances stood in the way of the petitioner's filing his direct appeal, because his

---

[1] *See Velazquez v. Grace*, 277 Fed. App'x 258 (3d Cir. 2008).

6

fundamental disadvantages (a limited intellectual ability and education, and a history of poor mental health) were exacerbated by his appellate counsel's extreme neglect. *See id.* at 803-04.

Now, in his second Rule 59(e) argument, Petitioner contends that equitable tolling is warranted because he was reasonably diligent in pursuing his claims but the actions of two the attorneys who represented him in succession in connection with his second Rule 61 motion constituted extraordinary circumstances that prevented him from timely filing a federal habeas petition. Essentially, Petitioner asserts that the two attorneys abandoned him by failing to communicate with him and by failing to include additional claims in his second Rule 61 motion.

Petitioner provides three sub-arguments to support this claim. First, he states that counsels' "failure to add Petitioner's ineffective assistance of counsel claims in his second state post-conviction motion did in fact stand in his way of filing a federal habeas petition, because it left him without any claims cognizable in federal habeas because none of his claims were exhausted. For this reason, any habeas petition he might have filed would have likely been dismissed." (D.I. 25 at 6) Second, he contends that "on December 29, 2008, it was reasonable for Petitioner to determine that a wholly unexhausted federal petition would be dismissed." (*Id.*) Third, he states that, at "the time of [his] third state post-conviction motion, Delaware law was unclear regarding the operation of the Rule 61 time-bar as it applied to Petitioner's case. This lack of clarity constituted an extraordinary circumstance." (D.I. 25 at 8)

The Court is not persuaded that the actions of the two attorneys representing Petitioner in connection with his second Rule 61 motion constitute extraordinary circumstances for equitable tolling purposes. As an initial matter, the Court finds *Holland* and *Ross* distinguishable, because the abandonment or neglect in those cases occurred during the prisoners' direct appeals; the prisoners were actively misled by their attorneys; and by the time the prisoners became aware of the

7

abandonment it was too late to timely pursue federal habeas relief. Here, the alleged abandonment occurred during Petitioner's second Rule 61 proceeding, not his direct appeal; neither of the two attorneys who represented Petitioner during the second Rule 61 proceeding actively misled Petitioner about what they were doing with respect to that proceeding; Petitioner knew during his entire second Rule 61 proceeding which claims had and had not been raised; and Petitioner had an entire year within which to timely file a federal habeas petition when the representation by these two attorneys ended. Thus, the Court cannot conclude that the conduct of the two attorneys amounted to attorney "abandonment," as contemplated by *Holland* and *Ross*.[2]

In turn, Petitioner has not demonstrated how the attorneys' failure to include certain claims in his second Rule 61 motion actually prevented him from timely filing a federal habeas petition. To begin, the Court is not convinced that the dilemma of presenting a wholly unexhausted habeas petition actually existed and, even if it did, that this constitutes an extraordinary circumstance for equitable tolling purposes. Petitioner's first Rule 61 motion presented an argument that counsel provided ineffective assistance by failing to investigate Petitioner's alibi claim. The original Petition and attached Supporting Memorandum filed by Petitioner when he was acting *pro se* in this proceeding presents the same alibi argument as part of his claim that his trial counsel was ineffective for failing to request a jury instruction on lesser included offenses. (D.I. 1 at 22) For instance, in his original *pro se* Memorandum in Support, Petitioner explicitly concedes that, "[i]n a previous motion, [I] argued an ineffective assistance of counsel claim citing that counsel failed to investigate [my] alibi claim." (*Id.*) He also asserts that, "[t]his argument is more relevant now than during previous motion because in [my] lesser offense claim [I] argue a rational basis for [] [determining that the jury] could have found [my] action to be criminally negligent based on either 'gaps' in the State's evidence

---

[2]In reaching this conclusion, the Court is not condoning the attorneys' conduct.

8

or on the misleading accounts of State's primary witnesses." (*Id.*) Petitioner then explains the relevance of trial counsel's failure to investigate his alibi claim for the next two pages of his supporting memorandum, and how that failure supports his argument that counsel should have requested a jury instruction on lesser included offenses.

Petitioner contends that the instant Petition contains the claims he would have asserted in a federal habeas petition filed in 2008 or 2009. Considering how inextricably intertwined Petitioner's argument regarding trial counsel's failure to request a lesser included offense instruction is with his claim that his trial counsel was ineffective for failing to request a lesser included offense instruction, an analysis of the merits of Petitioner's argument regarding the lesser included offense instruction would necessarily involve an analysis of the merits of his previously asserted alibi claim. Therefore, the Court disagrees with Petitioner's contention that a habeas petition filed in 2008 containing this claim would have been dismissed for being wholly unexhausted. Rather, there is the very real possibility that the petition would have been viewed as containing both exhausted and unexhausted claims (i.e, a "mixed petition"). Pursuant to the *Rhines* and *Crews* stay and abey doctrine,[3] which was already in force in 2008, the petition may have been stayed if Petitioner demonstrated good cause for his failure to exhaust any other unexhausted claims.

Moreover, even if a habeas petition filed during the relevant period in 2008-2009 would have been viewed as being wholly unexhausted, nothing prevented Petitioner from requesting the Court to stay and abey the proceeding pursuant to the 2005 Supreme Court decision in *Pace v. DiGuglielmo*,

---

[3]*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."); *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (staying habeas petition pending exhaustion of state remedies is permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition containing both exhausted and unexhausted claims).

9

544 U.S. 408, 416 (2005). *See Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009). Notably, in *Pace*, the Supreme Court indicated that a petitioner may file a "protective" habeas petition meriting a stay even where only unexhausted claims were at issue. *See Heleva*, 581 F.3d at 191. As a result, and contrary to Petitioner's implicit assertion, pursuant to *Pace*, in 2008 a district court in the Third Circuit could have permitted the filing of a protective habeas petition consisting of only unexhausted claims, even though the Third Circuit did not explicitly acknowledge that possibility until 2009. Thus, the Court rejects Petitioner's contention that filing a protective habeas petition was not a reasonable option for him in 2008. In turn, even if it was likely that a habeas petition filed during the relevant period in 2008-2009 would have been viewed as wholly unexhausted, that possibility did not "actually prevent" Petitioner from filing a federal habeas petition and seeing what happened. That Petitioner chose not to pursue that strategy does not amount to an extraordinary circumstance.

Finally, Petitioner contends that, at "the time of [his] third state post-conviction motion, Delaware law was unclear regarding the operation of the Rule 61 time-bar as it applied to Petitioner's case. This lack of clarity constituted an extraordinary circumstance." (D.I. 25 at 8) Given this lack of clarity and the Superior Court's discussion of Rule 61's time-bar in his second Rule 61 motion, Petitioner contends it was reasonable for him to believe that his third Rule 61 motion filed on December 29, 2008 was properly and timely filed at the time he filed it. More specifically, he asserts that the Superior Court's discussion of the timeliness of his second Rule 61 motion in its August 22, 2008 decision misled him into believing that any Rule 61 motion filed within three years of the date of the *Chao II* decision would be deemed timely filed under the former version of Rule 61(1)(i).

As an initial matter, the Court disagrees with Petitioner's contention that the Superior

10

Court's analysis in deciding the timeliness of his second Rule 61 motion misled him into believing that a third Rule 61 motion would be timely if filed within three years of the *Chao II* decision. Although the Superior Court did mention and apply the three-year filing deadline contained in former Rule 61(i)(1) to Petitioner's second Rule 61 motion, the Superior Court never explicitly stated that the relevant decision providing the starting date for the three-year deadline was *Chao II* and not *Williams*. Rather, the Superior Court explained:

> [Petitioner's judgment of conviction became final on March 24, 2000. [Petitioner's] second motion for postconviction relief was filed on December 28, 2005, more than three years after the final judgment time bar. [Petitioner] argues that the Delaware Supreme Court's holding in *Williams v. State* should be applied retroactively. **The amended decision in Williams is dated April 1, 2003.**
>
> \*   \*   \*
>
> Nevertheless, the issue of whether *Williams* should be applied retroactively was not settled until the Delaware Supreme Court's June 2007 decision in *Chao v. State*. Therefore, the Court finds that Cabrera's 2005 second Motion for Postconviction Relief is not time barred. **More importantly, the Court has determined to exercise its discretion and address Cabrera's second motion in the interest of justice.**

*Cabrera*, 2008 WL 4868762 at \*3-4 (emphasis added).

This excerpt demonstrates that there were three possible reasons for the Superior Court's conclusion that Petitioner's Rule 61 motion was timely: (1) the Rule 61 motion, filed in 2005, was filed within three years after the *Williams* April 1, 2003 decision; (2) the Rule 61 motion, filed in 2005, was filed two years ***prior to*** the June 2007 *Chao* decision; or (3) regardless of which decision triggered the three-year filing deadline of Rule 61(i)(1), Rule 61(i)(5)'s interests of justice exception required reaching the merits of Petitioner's *Williams'* claim. Under the circumstances, the Court cannot conclude that the Superior Court misled Petitioner into believing that a Rule 61 motion would be timely if filed within three years after *Chao II*.

11

The Court also rejects Petitioner's contention that the alleged lack of clarity in Delaware law regarding the application of Rule 61's time-limitation with respect to newly recognized retroactive rights amounts to an extraordinary circumstance. Significantly, the Third Circuit denied a similar argument raised in *Merritt v. Blaine*, 326 F.3d 157 (3d Cir. 2003), which also involved determining the timeliness of a habeas petition when the petitioner's state post-conviction petition was dismissed in state court as untimely. The *Merritt* Court explicitly held that, in non-capital cases, the lack of clarity in a newly-established state post-conviction time limit does not constitute extraordinary circumstances for equitable tolling purposes. *See id.* at 168-70. The *Merritt* Court also explained that, although the lack of clarity in a new state law may warrant equitable tolling in capital cases, the reason is not because the lack of clarity constitutes an extraordinary circumstance; rather, the reason is that "death is different." *Id.* at 169. According to the Third Circuit, when the applicable state law in a capital case is "so confounding and unsettled," "we must allow *less* than extraordinary circumstances to trigger equitable tolling of the AEDPA's statute of limitations." *Id.* (citing *Fahy v. Horn*, 240 F.3d 239, 245 (3d Cir. 2001) (emphasis in original).

In this non-capital case, Petitioner has not shown how any uncertainty in the application of Rule 61(1)(i)'s time limitation actually prevented him from filing a timely habeas petition. As previously discussed, it would have been reasonable for Petitioner to file a federal habeas petition simultaneously with his third Rule 61 motion and to have requested a stay pursuant to *Pace* on the basis that there was uncertainty regarding the timeliness of his third Rule 61 motion. Petitioner, however, made the strategic decision to file a third Rule 61 motion instead of a federal habeas petition, which does not amount to an extraordinary circumstance. In turn, any uncertainty regarding Rule 61(i)(1)'s application with respect to *Williams* and *Chao II* became clear on August 7, 2009, during the pendency of Petitioner's third Rule 61 motion, when the Delaware Supreme Court

12

held that the 2003 date of *Williams* provided the triggering date for Rule 61(i)(1), and not the 2007 date of *Chao II*.[4] *See Massey v. State*, 979 A.2d 1111 (Table), 2009 WL 2415294, at *1 n.8 (Del. Aug. 7, 2009). Notably, Petitioner did not promptly file his federal habeas petition after this 2009 decision, but, instead, waited approximately another one and one-half years to file his petition on February 2, 2011. For all of these reasons, the Court concludes that any alleged lack of clarity in 2008-2009 as to whether *Williams* or *Chao II* provided the relevant starting date for the three-year filing deadline of former Rule 61(i)(1) does not warrant equitable tolling.

Accordingly, the Court will deny Petitioner's Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e).

## V. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant Motion to Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and will not grant Petitioner's request for oral argument. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

Accordingly, at Wilmington this 13th day of August, 2014,

IT IS HEREBY ORDERED that:

1. Petitioner Luis Cabrera's Motion To Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and Permit Oral Argument is **DENIED**. (D.I. 25)

---

[4] Petitioner's Rule 59(e) Motion actually concedes that *Massey* constitutes the clarifying decision. (D.I. 25 at 8-9)

13

2. The Court declines to issue a certificate of appealability.

                                                                                  _____
                                                                                  UNITED STATES DISTRICT JUDGE